(Hamilton County Court of Insolvency).

## ASSIGNMENT OF THE CONSUMER'S ICE & REFRIGERATING CO.

---

This court has no jurisdiction to hear an attack upon the validity of an assignment based upon facts occurring prior to the filing of the deed.

---

Heard on application to set aside and strike from the files the deed of assignment filed by the Consumers' Ice & Refrigerating Co.

McNEILL, J.

When a deed of assignment is not obviously illegal, and to set it aside would require a hearing upon an issue to be made between the parties, followed by a decree, that issue must be made and hearing had in court of general equity jurisdiction. Burrill on Assignments, Secs. 451-453. (6th Ed.)

The jurisdiction of the Court of Insolvency is declared in Sec. 9 of the act establishing the court, 91 O. L., 844, and relates to the mode of administering assignments, and for that purpose the jurisdiction is as full and broad as may be necessary to a complete administration of the trust, and this jurisdiction attaches not by process, but by a deed filed which vests title in the assignee, to the property which is the subject of the trust, and the assignee, by the filing of the deed, becomes an officer of the court. From that time forward the court has complete jurisdiction of the trust. But the attack made in this case is based on facts and occurrences prior to the filing of the deed, to establish which it is necessary to adduce proof. While the legislature might have extended the jurisdiction of this court over this subject, it is a sufficient answer to say that it has not given such jurisdiction, as is apparent on reading Sec. 9 of the act establishing the court. See also Gilliland v. Administrator of Sellers, 2 O. S., 228.

The application to set aside and strike from the files the deed of assignment will, therefore, be dismissed.

W. T. Porter and R. M. Nevin, for the application.

Edward Colston, Thos. McDougal and Simeon M. Johnson, contra.